**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| KT IMAGING USA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Civil Action No.: 6:21-cv-01002-ADA<br><br>**Jury Trial Demanded** |

**DEFENDANT APPLE INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF KT IMAGING, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Apple Inc. ("Apple") files this Answer to Plaintiff KT Imaging USA, LLC's ("KTI" or "Plaintiff") Complaint for Patent Infringement (the "Complaint") (Dkt. 1). Except as expressly admitted below, Apple denies each and every allegation set forth in the Complaint. Apple reserves the right to amend and/or supplement this Answer. Apple responds to the numbered paragraphs of the Complaint and the prayer for relief as follows:

**PARTIES**

1. Apple lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and on that basis denies them.

2. Apple admits that it is a corporation organized under the laws of the State of California and maintains offices in this District. Apple admits it issued a November 20, 2019 press release stating, "Apple has broken ground on its new $1 billion, 3-million-square-foot campus. The campus will initially house 5,000 employees, with the capacity to grow to 15,000, and is expected to open in 2022." The press release also stated, "Apple is steadily growing in Austin with approximately 7,000 employees in the city. . . ." Apple admits that it is registered to

do business in the State of Texas and can be served with process through its registered agent, CT Corporation System, which has locations in all fifty states including at 1999 Bryan St., Suite 900, Dallas, Texas 75201. The remaining allegations in Paragraph 2 of the Complaint constitute conclusions of law and no response by Apple is required; to the extent an answer is required, Apple denies the allegations.

3. Apple denies the allegations set forth in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Apple admits that this action purports to be a patent infringement action arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. Apple denies any and all relief that Plaintiff is seeking and denies that it has committed any acts of infringement of U.S. Patent Nos. 7,196,322 ("the '322 Patent"), 7,511,261 ("the '261 Patent"), 7,598,580 ("the '580 Patent"), 8,004,602 ("the '602 Patent"), or 8,314,481 ("the '481 Patent") (collectively, "the Patents-in-Suit")

5. Apple admits, for purposes of this action only, that this Court has subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Apple does not contest at this time, and solely for the purpose of the present litigation, whether Apple is subject to this Court's personal jurisdiction. Apple admits it sells products and services throughout the United States, including in this judicial district. Apple denies the Western District of Texas is a convenient venue under 28 U.S.C. § 1404. The remaining allegations in Paragraph 6 of the Complaint constitute conclusions of law and no response by Apple is required; to the extent an answer is required, Apple denies the allegations.

7. Paragraph 7 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Apple denies that it has committed any acts of patent infringement of the Patents-in-Suit, or has contributed to or induced any acts of patent

infringement of the Patents-in-Suit by others, in this District or elsewhere. Apple admits that it has facilities in this District, located at 12545 Riata Vista Cir, Austin, Texas 78727, but Apple denies that this District is a convenient forum to litigate under 28 U.S.C. § 1404.

## BACKGROUND

8. KTI did not attach as an exhibit the ’322 Patent to its Complaint, and therefore Apple lacks sufficient information to form a belief as to the truth of the statements in Paragraph 8 and on that basis denies them.

9. KTI did not attach as an exhibit the ’261 Patent to its Complaint, and therefore Apple lacks sufficient information to form a belief as to the truth of the statements in Paragraph 9 and on that basis denies them.

10. KTI did not attach as an exhibit the ’580 Patent to its Complaint, and therefore Apple lacks sufficient information to form a belief as to the truth of the statements in Paragraph 10 and on that basis denies them.

11. KTI did not attach as an exhibit the ’602 Patent to its Complaint, and therefore Apple lacks sufficient information to form a belief as to the truth of the statements in Paragraph 11 and on that basis denies them.

12. KTI did not attach as an exhibit the ’481 Patent to its Complaint, and therefore Apple lacks sufficient information to form a belief as to the truth of the statements in Paragraph 12 and on that basis denies them.

13. Apple lacks sufficient information to form a belief as to the truth of the statements in Paragraph 13 of the Complaint and on that basis denies them.

14. Apple admits that it received correspondence from counsel purporting to represent Plaintiff on or around October 31, 2019, and the letter referenced the ’322 Patent, the ’261 Patent, the ’602 Patent, and the ’481 Patent. The correspondence stated: “Based on publicly

available information, it is the understanding and contention of KTI that Apple infringed and continues to infringe claims of the KTI Patents by making, using, selling, offering for sale in the United States, or importing into the United States, a number of products." In response, Apple requested claim charts and specific details supporting KTI's assertions. KTI, however, refused to provide claim charts comparing its patents to Apple's products based on publicly available information. In a January 2, 2020 correspondence, Apple again requested claim charts and made itself available for further discussion. To the best of Apple's knowledge, KTI never responded and instead opted to file this lawsuit more than twenty months after the conclusion of these discussions. Apple denies the remaining allegations set forth in Paragraph 14 of the Complaint, and specifically denies it committed any acts of infringement. Apple further denies that KTI provided Apple with notice of any alleged infringement and that Apple has committed any acts of willful infringement.

15. Apple admits that Attachment A to the Complaint purports to provide a listing of its products accused by Plaintiff. Apple also admits that Attachment B to the Complaint purports to provide a listing of exhibits from Plaintiff containing unidentifiable images. Apple denies all remaining allegations set forth in Paragraph 15 of the Complaint.

**COUNT I: ALLEGED INFRINGEMENT OF THE '322 PATENT BY APPLE**

16. Apple incorporates by reference each of its responses set forth in Paragraphs 1-15 above as if fully set forth herein.

17. Apple denies the allegations set forth in Paragraph 17 of the Complaint.

18. Apple denies the allegations set forth in Paragraph 18 of the Complaint.

19. Apple denies the allegations set forth in Paragraph 19 of the Complaint.

20. Apple denies the allegations set forth in Paragraph 20 of the Complaint.

**COUNT II: ALLEGED INFRINGEMENT OF THE ’261 PATENT BY APPLE**

21. Apple incorporates by reference each of its responses set forth in Paragraphs 1-20 above as if fully set forth herein.

22. Apple denies the allegations set forth in Paragraph 22 of the Complaint.

23. Apple denies the allegations set forth in Paragraph 23 of the Complaint.

24. Apple denies the allegations set forth in Paragraph 24 of the Complaint.

25. Apple denies the allegations set forth in Paragraph 25 of the Complaint.

26. Apple admits that it received correspondence from counsel purporting to represent Plaintiff on or around October 31, 2019, which referenced the ’261 Patent. Apple denies the remaining allegations set forth in Paragraph 26 of the Complaint, and specifically denies that it has committed any acts of infringement or willful infringement of the ’261 Patent.

**COUNT III: ALLEGED INFRINGEMENT OF THE ’580 PATENT BY APPLE**

27. Apple incorporates by reference each of its responses set forth in Paragraphs 1-26 above as if fully set forth herein.

28. Apple denies the allegations set forth in Paragraph 28 of the Complaint.

29. Apple denies the allegations set forth in Paragraph 29 of the Complaint.

30. Apple denies the allegations set forth in Paragraph 30 of the Complaint.

31. Apple denies the allegations set forth in Paragraph 31 of the Complaint.

**COUNT IV: ALLEGED INFRINGEMENT OF THE ’602 PATENT BY APPLE**

32. Apple incorporates by reference each of its responses set forth in Paragraphs 1-31 above as if fully set forth herein.

33. Apple denies the allegations set forth in Paragraph 33 of the Complaint.

34. Apple denies the allegations set forth in Paragraph 34 of the Complaint.

35. Apple denies the allegations set forth in Paragraph 35 of the Complaint.

36. Apple denies the allegations set forth in Paragraph 36 of the Complaint.

37. Apple admits that it received correspondence from counsel purporting to represent Plaintiff on or around October 31, 2019, which referenced the ’602 Patent. Apple denies the remaining allegations set forth in Paragraph 37 of the Complaint, and specifically denies that it has committed any acts of infringement or willful infringement of the ’602 Patent.

## COUNT V: ALLEGED INFRINGEMENT OF THE ’481 PATENT BY APPLE

38. Apple incorporates by reference each of its responses set forth in Paragraphs 1-37 above as if fully set forth herein.

39. Apple denies the allegations set forth in Paragraph 39 of the Complaint.

40. Apple denies the allegations set forth in Paragraph 40 of the Complaint.

41. Apple denies the allegations set forth in Paragraph 41 of the Complaint.

42. Apple denies the allegations set forth in Paragraph 42 of the Complaint.

43. Apple admits that it received correspondence from counsel purporting to represent Plaintiff on or around October 31, 2019, which referenced the ’481 Patent. Apple denies the remaining allegations set forth in Paragraph 43 of the Complaint, and specifically denies that it has committed any acts of infringement or willful infringement of the ’481 Patent.

## RESPONSE TO PRAYER FOR RELIEF

Plaintiff’s prayers for relief A-J each contain a request for relief to which no response is required. To the extent a response is required, Apple denies that Plaintiff is entitled to any relief from Apple in connection with the Complaint, including, without limitation, the relief specified in Plaintiff’s Prayer for Relief.

## DEMAND FOR JURY TRIAL

Plaintiff’s demand for jury trial does not contain facts that Apple must admit or deny.

## APPLE’S AFFIRMATIVE DEFENSES

Apple pleads the following defenses to Plaintiff's Complaint. Apple reserves the right to amend its Answer to add additional defenses not presented herein, including but not limited to those revealed during discovery. Apple does not assume the burden of proof where it is not legally upon Apple. Without admitting that Apple bears the burden of proof on any of the following, Apple asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

Apple has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claims of the Patents-in-Suit, either literally or under the doctrine of equivalents. To the extent that Plaintiff asserts that Apple indirectly infringes the Patents-in-Suit by inducing others to infringe, Apple is not liable to Plaintiff for the acts alleged to have been performed before Apple had knowledge that the alleged induced acts constitute direct patent infringement.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

One or more of the claims of the Patents-in-Suit are invalid for failure to meet the conditions of patentability or otherwise comply with one or more of the provisions of 35 U.S.C. §§ 101 *et. seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

To the extent Apple is found to infringe any valid claims of the Patents-in-Suit (and Apple contends that it has and does not), such infringement was not willful.

**FOURTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

Plaintiff's claims for infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel due to representations, amendments, arguments, and admissions made to the USPTO during prosecution of the Patents-in-Suit.

**FIFTH AFFIRMATIVE DEFENSE**
**(Statutory Limitations on Damages)**

Plaintiff's claims for alleged damages and costs are barred, in whole or part, by a statutory time limit and statutory bar for patents containing invalid claims under 35 U.S.C. §§ 286 and 288, respectively.

**SIXTH AFFIRMATIVE DEFENSE**
**(Statutory Limitation of Damages for Failure to Mark)**

Plaintiff is barred, in whole or in part, from recovering damages to the extent Plaintiff, its predecessors-in-interest, or licensees failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Apple's actions allegedly infringed the Patents-in-Suit.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Equitable Defenses)**

Plaintiff's attempted enforcement of the Patents-in-Suit is barred, at least in part, by one or more of the doctrines of estoppel, patent exhaustion, acquiescence, waiver, and unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim for patent infringement or to state a claim upon which relief can be granted.

**NINTH AFFIRMATIVE DEFENSE**
**(No Exceptional Case)**

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Apple under 35 U.S.C. § 285 or otherwise.

**TENTH AFFIRMATIVE DEFENSE**
**(No Standing To Bring Suit)**

Plaintiff lacks standing to assert claims for one or more of the Patents-in-Suit at least because Plaintiff lacks substantial rights to one or more of the Patents-in-Suit.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Unenforceability by Failure to Pay Fees)**

On information and belief, one or more of the Patents-in-Suit are unenforceable due to lapse and/or abandonment arising from the failure to pay the correct issue and/or maintenance fees.

**TWELFTH AFFIRMATIVE DEFENSE**
**(No Injunctive Relief)**

Plaintiff's claims for injunctive relief are barred because there exists an adequate remedy at law should Plaintiff prevail on any infringement allegations, and Plaintiff's claims otherwise fail to meet the requirements for injunctive relief.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Unenforceability by Inequitable Conduct)**

The '481 Patent is unenforceable due to inequitable conduct for failure to disclose at least U.S. Patent No. 6,740,967 to Dennis Pai ("Pai") to the USPTO during prosecution of the application that issued as the '481 Patent.

In particular, upon information and belief, individuals involved in the prosecution of the application that issued as the '481 Patent who owed a duty of candor and good faith in dealing with the USPTO knew of Pai and were aware of its materiality, but intentionally did not disclose the reference to the USPTO.

**Background Regarding '481 Patent**

The application that issued as the '481 Patent was filed on May 18, 2005.

The application that issued as the '481 Patent was assigned to Kingpak on May 5, 2005, and the assignment was recorded on June 22, 2005.

The '481 Patent issued on November 20, 2012. Chung Hsien Hsin, Yves Huang, Kevin Chang, and Chief Lin are listed as the named inventors of the '481 Patent.

During prosecution of the’481 Patent, the papers submitted to the USPTO were signed by Ralph Willgohs (a prosecuting agent representing Kingpak), Joe Liu (Kingpak’s president), or Juan Carlos A. Marquez (another prosecuting attorney representing Kingpak).

Upon information and belief, no information disclosure statement was filed during the prosecution of the ’481 Patent.

**Knowledge of Pai**

Upon information and belief, at least Mr. Willgohs and Mr. Hsin—each of whom owed a duty of candor and good faith in dealing with the USPTO—were aware of Pai during the prosecution of the application that issued as the ’481 Patent.

Upon information and belief, other individuals at Kingpak or individuals representing Kingpak, who were involved in the prosecution of the application that issued as ’481 Patent and had a duty of candor and good faith in dealing with the USPTO, were also aware of Pai during the prosecution of the application that issued as the ’481 Patent, but did not disclose Pai to the USPTO.

***Knowledge of Pai Based on Prosecution of the ’939 Publication***

On information and belief, Mr. Willgohs, Mr. Hsin, and Jichen Wu (a manager at Kingpak) were aware of Pai as a result of their involvement with the prosecution of U.S. Patent Appl. No. 10/887,577, which was filed on July 8, 2004, and published as U.S. Patent Appl. Publ. No. 2006/0008939 (“the ’939 Publication”) on January 12, 2006.

The ’939 Publication was assigned to Kingpak on June 28, 2004, and the assignment was recorded on August 31, 2004.

Mr. Hsin is a named inventor on the ’939 Publication.

On December 15, 2005, during prosecution of the ’939 Publication, the examiner issued a nonfinal Office Action in which all claims were rejected as obvious over Pai in view of U.S. Pat. No. 6,002,167. Specifically, in making the rejection, the examiner cited col. 2, lines 20-55 from Pai.

A response to the December 15, 2005, Office Action was filed on February 16, 2006. The response was filed with the USPTO by Mr. Willgohs. The response itself—which among other things substantively discussed the disclosure of Pai—was signed by Mr. Wu.

On March 16, 2006, the USPTO issued a Notice stating that the response filed on February 16, 2006, was noncompliant because it “was not signed or not signed in accordance with 37 C.F.R. 1.4.”

The response to the December 15, 2005, Office Action was again filed on April 20, 2006. Mr. Willgohs also filed this response with the USPTO. This response, which was substantively identical to the one filed on February 16, 2006, was signed by Mr. Hsin and all the other named inventors of the ’939 Publication on March 29, 2006.

On information and belief, at least Mr. Willgohs and Mr. Wu were aware of Pai by no later than February 16, 2006.

On information and belief, at least Mr. Hsin was aware of Pai by no later than April 20, 2006.

***Knowledge of Pai Based on Prosecution of ’794 Application***

U.S. Patent Appl. No. 11/378,794 (“the ’794 Application”) was filed on March 16, 2006.

The ’794 Application was assigned to Kingpak on March 2, 2006, and the assignment was recorded on April 18, 2006.

Mr. Hsin is the only named inventor of the ’794 Application.

On October 11, 2007, during prosecution of the ’794 Application, the examiner issued a nonfinal Office Action in which all claims were rejected as anticipated by Pai. Specifically, in making the rejection, the examiner cited Figure 1 and col.2, lines 20-55 of Pai.

A response to the Office Action, signed by Mr. Willgohs, was filed on February 4, 2008. The response included a detailed discussion of the teachings of Pai.

On information and belief, Mr. Willgohs was aware of Pai by no later than February 4, 2008.

**Pai Was Material to the Patentability of the ’481 Patent and Not Cumulative to Other Information Before the USPTO**

Pai issued on May 25, 2004, from an application filed on March 10, 2003. Pai is prior art to the ’481 Patent at least under 35 U.S.C. § 102(a).

Pai is directed to

> an image sensor including a substrate, a coating layer, a frame layer, a photosensitive chip, multiple wires, and a transparent layer. The substrate has an upper surface formed with first terminals projecting over the upper surface, and a lower surface formed with second terminals. The coating layer is applied to the upper surface to fill between any two adjacent first terminals and to flatten the first terminals. The frame layer is adhered to the coating layer so as to form a cavity together with the substrate. The photosensitive chip has bonding pads and is mounted to the upper surface and within the cavity. The wires electrically connect the bonding pads to the first terminals, respectively. The transparent layer is arranged on the frame layer to cover the photosensitive chip so that the photosensitive chip may receive optical signals passing through the transparent layer.

Pai at 1:54-2:4.

Pai’s disclosure anticipates or makes obvious at least claim 1 of the ’481 Patent, and was thus material to the patentability of at least this claim. For example, Pai discloses each limitation in claim 1 of the ’481 Patent, including a substrate structure for an image sensor package, the substrate structure comprising:

(1) a bottom base having an upper surface formed with a plurality of first electrodes, and a lower surface formed with a plurality of second electrodes, wherein an insulation layer is coated between first electrodes and in direct surface contact with the upper surface of the bottom base (*see* Pai at 1:54-2:4, 2:20-59, FIGS. 1, 3 and 4, Claim 1); and

(2) a frame layer arranged on and in direct surface contact with the first electrodes and the insulation layer to form a cavity together with the bottom base, wherein the insulation layer is interposed between the bottom base and the frame layer (*see* Pai at 1:54-2:4, 2:20-59, FIGS. 1, 3 and 4, Claim 1).

Pai is not cumulative of any other reference before the examiner during the prosecution of the ’481 Patent. For example, in the Notice of Allowance for the application that issued as the ’481 patent, the examiner stated that the prior art of record does not teach or suggest

> [a] substrate structure for an image sensor package comprising: a bottom base having an upper surface formed with a plurality of first electrodes, wherein an insulation layer is coated between first electrodes and in direct surface contact with the upper surface of the bottom base; a frame layer arranged on and in direct surface contact with the first electrodes and the insulation layer to form a cavity together with the bottom base, wherein the insulation layer is interposed between the bottom base and the frame layer.

Pai is material to the patentability of the claims in the ’481 Patent because, at a minimum, it discloses the features that the examiner believed to be missing from the prior art, as reflected in the Notice of Allowance.

On information and belief, the examiner would have rejected at least claim 1 of the ’481 Patent, had the examiner been made aware of Pai by Mr. Willgohs, Mr. Hsin, and/or other individuals involved in the prosecution of ’481 Patent with a duty of candor and good faith in dealing with the USPTO.

**Individuals Involved in the Prosecution of the ’481 Patent Knew Pai Was Material to the Patentability of the ’481 Patent and Not Cumulative to Other Information Before the USPTO**

On information and belief, Mr. Willgohs and Mr. Hsin were intimately familiar with Pai’s teachings.

For example, during the prosecution of the ’939 Publication, Mr. Hsin (as well as Mr. Wu) signed and Mr. Willgohs filed a response to the USPTO that contained the following substantive admissions regarding Pai:

> Pai ‘is an image sensor, comprising: a substrate 40 having an upper surface 52 on which first electrodes are formed, and a lower surface 54 on which second electrodes are formed. The first terminals 56 are corresponding to electrically connect to the second electrodes, The frame layer 44 arranged on the upper surface 52 of the substrate 40 to form a cavity together with the substrate; a photosensitive chip 46 arrange within the cavity 62 and mounted on the upper surface of the substrate; a plurality of wires 48 electrically connected the bonding pads 64 of the photosensitive chip 46 to the first terminals 56 of the substrate 40; and a transparent layer 50 covered over the frame layer 44 to cover the photosensitive chip 46; wherein a green paint 42 is coated between the each first electrode of the substrate.’

On information and belief, at least based on their substantive understanding of Pai as reflected in the response filed in the ’939 Publication, Mr. Willgohs and Mr. Hsin, and/or other individuals involved in the prosecution of the’481 Patent with a duty of candor and good faith in dealing with the USPTO knew that Pai’s disclosure anticipated or rendered obvious at least claim 1 of the ’481 Patent.

On information and belief, Mr. Willgohs was intimately familiar with Pai’s teachings. For example, during the prosecution of the ’794 Application, Mr. Willgohs signed a response to the USPTO that included a detailed discussion of the teachings of Pai, including the disclosure in Figures 3 and 4 of Pai.

On information and belief, at least based on his substantive understanding of Pai as reflected in the response filed in the ’794 Application, Mr. Willgohs, and/or other individuals

involved in the prosecution of the ’481 Patent with a duty of candor and good faith in dealing with the USPTO knew that Pai’s disclosure’s anticipated or rendered obvious at least claim 1 of the ’481 Patent.

**<u>Intent to Deceive</u>**

On information and belief, despite having been aware of Pai and being intimately familiar with its disclosure, Mr. Willgohs, Mr. Hsin, and/or other individuals involved in the prosecution of the’481 Patent with a duty of candor and good faith in dealing with the USPTO did not submit, or cause to be submitted, Pai to the USPTO in connection with the prosecution of the ’481 Patent.

On information belief, Mr. Willgohs, Mr. Hsin, and/or other individuals involved in the prosecution of the’481 Patent with a duty of candor and good faith in dealing with the USPTO knew that Pai was material to the examination of the application that issued as the ’481 Patent and withheld it from the examiner and the USPTO with an intent to deceive the USPTO into allowing the’481 Patent.

On information and belief, given their intimate familiarity with the disclosure of Pai, its relevance to the claims of the ’481 Patent, and their involvement in the prosecution of the ’481 Patent, the single most reasonable inference to draw from the failure to disclose Pai to the USPTO during the prosecution of the ’481 Patent is that Mr. Willgohs, Mr. Hsin, and/or other individuals involved in the prosecution of the ’481 Patent with a duty of candor and good faith in dealing with the USPTO intended to deceive the USPTO by withholding material prior art that would have led the examiner to reject at least claim 1 of the ’481 Patent as unpatentable.

Mr. Willgohs, Mr. Hsin, and/or other individuals involved in the prosecution of the’481 Patent with a duty of candor and good faith in dealing with the USPTO committed inequitable

conduct by withholding a material, non-cumulative reference from the examiner of the application that issued as the ’481 Patent with the intent to deceive the examiner that the claims were patentable.

Because of the inequitable conduct committed by Mr. Willgohs, Mr. Hsin, and and/or other individuals involved in the prosecution of the’481 Patent with a duty of candor and good faith in dealing with the USPTO, the ’481 Patent is not enforceable, and KTI may not obtain any relief regarding it.

## **COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Apple Inc. ("Apple") incorporates by reference its above responses as if fully set forth herein. In accordance with Rule 13 of the Federal Rules of Civil Procedure, Apple asserts the following counterclaims against Plaintiff and Counterclaim-Defendant KT Imaging USA, LLC ("KTI").

## **THE PARTIES**

1. Apple is a California Corporation having its principal place of business in Cupertino, California.

2. On information and belief, KTI is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business at 106 E. 6th St., Suite 900, Austin, TX 78701.

## **JURISDICTION AND VENUE**

3. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and the patent laws of the United States, 35 U.S.C. §§ 101 *et. seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. KTI has consented to this Court's personal jurisdiction by commencing this action for patent infringement against Apple in this Court.

5. To the extent the action initiated by KTI is adjudicated in this judicial district, venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) and (c). However, venue in this judicial district is not convenient or in the interests of justice under 28 U.S.C. § 1404(a).

## **COUNT I**
**(Declaration of Invalidity of U.S. Patent No. 7,196,322)**

6. Apple repeats and realleges Paragraphs 1 through 5 of its Counterclaims.

7. None of the asserted claims of the ’322 Patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 *et. seq.*, including 102, 103, and/or 112.

8. At least claim 1 of the ’322 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of at least U.S. Publication No. 2005/0116138A1 to Hanada et al. (“Hanada”), alone or in combination with other prior art. For example, Hanada discloses each limitation in claim 1 of the ’322 Patent, including an image sensor module with:

(1) a substrate having an upper surface, and a lower surface on which second electrodes are formed (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(2) a frame layer arranged on the upper surface of the substrate, a cavity formed between the frame layer and substrate, and a plurality of first electrodes are formed on the frame layer (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(3) a photosensitive chip mounted on the upper surface of the substrate and located within the cavity, and electrically connected to the first electrodes of the frame later (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(4) a lens holder having an upper end face, a lower end face, and an opening penetrating through the lens holder from the upper end face to the lower end face, the upper end of the opening formed with an internal thread and the lower end of the opening formed with a breach, so that (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(5) the internal diameter of the upper end of the opening is smaller than the lower end of the opening, the lens holder adhered on the upper surface of the substrate by glue, wherein, the frame layer is located within the breach of the lens holder (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]); and

(6) a lens barrel having an upper end face, a lower end face, and an external thread screwed to the internal thread of the lens holder (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]).

9. Attached as **Exhibit A** is a true and accurate copy of Hanada.

10. Paragraphs 17-19 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '322 Patent.

11. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '322 Patent are valid.

12. Apple is entitled to a judicial determination that the asserted claims, including at least claim 1 of the '322 Patent, are invalid.

**COUNT II**
**(Declaration of Noninfringement of U.S. Patent No. 7,196,322)**

13. Apple repeats and realleges Paragraphs 1 through 12 of its Counterclaims.

14. KTI cannot meet its burden to prove that Apple infringes at least claim 1 of the '322 Patent. Apple has not infringed claim 1, either directly or indirectly, literally or under the doctrine of equivalents, at least because, by way of non-limiting example, the Accused Products do not include every limitation required by claim 1 of the '322 Patent.

15. Furthermore, KTI cannot meet its burden to prove that Apple indirectly infringes at least claim 1 of the ’322 Patent at least because Apple has not acted with the specific intent necessary for indirect infringement.

16. Paragraphs 17-19 of KTI’s Complaint allege that Apple has infringed at least claim 1 of the ’322 Patent.

17. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the ’322 Patent are infringed.

18. Apple is entitled to a judicial determination that Apple has not directly or indirectly infringed any of the asserted claims of the’322 Patent.

**COUNT III**
**(Declaration of Invalidity of U.S. Patent No. 7,511,261)**

19. Apple repeats and realleges Paragraphs 1 through 18 of its Counterclaims.

20. None of the asserted claims of the ’261 Patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 *et. seq.*, including 102, 103, and/or 112.

21. At least claim 1 of the ’261 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of at least Hanada, alone or in combination with other prior art. For example, Hanada discloses each limitation in claim 1 of the ’261 Patent, including an image sensor module with:

(1) a substrate having a horizontal upper surface on which first electrodes are formed, and a lower surface on which second electrodes are formed, wherein the first electrodes are correspondingly and electrically connected to the second electrodes

(*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(2) a photosensitive chip mounted on the upper surface of the substrate, and electrically connected to the first electrodes of the substrate by wires (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(3) a lens holder having an upper end face, a lower end face, and an opening penetrating through the lens holder from the upper end face to the lower end face, wherein an upper end portion of the opening is formed with an internal thread and a lower end portion of the opening is formed with a breach so that an internal diameter of the upper end portion of the opening is smaller than an internal diameter of the lower end portion of the opening (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(4) the lens holder is adhered to the upper surface of the substrate by glue, the photosensitive chip is located within the opening of the lens holder, the glue is filled within the breach of the lens holder and coated over the wires (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(5) the lens holder has a vertical inner sidewall and a vertical outer sidewall, the vertical inner sidewall is connected to the breach at a portion, which is located at a level higher than a level of the photosensitive chip (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(6) a portion of each of the wires is located under the breach, and an outer diameter of the lens holder corresponding to the internal diameter of the upper end portion of the opening is substantially equal to an outer diameter of the lens holder corresponding to

the internal diameter of the lower end portion of the opening (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]); and

(7) a lens barrel having an upper end face, a lower end face, and an external thread screwed to the internal thread of the lens holder (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]).

22. Paragraphs 22-24 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '261 Patent.

23. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '261 Patent are valid.

24. Apple is entitled to a judicial determination that the asserted claims, including at least claim 1 of the '261 Patent, are invalid.

## **COUNT IV**
## **(Declaration of Noninfringement of U.S. Patent No. 7,511,261)**

25. Apple repeats and realleges Paragraphs 1 through 24 of its Counterclaims.

26. KTI cannot meet its burden to prove that Apple infringes at least claim 1 of the '261 Patent. Apple has not infringed claim 1, either directly or indirectly, literally or under the doctrine of equivalents, at least because, by way of non-limiting example, the Accused Products do not include every limitation required by claim 1 of the '261 Patent.

27. Furthermore, KTI cannot meet its burden to prove that Apple indirectly infringes at least claim 1 of the '261 Patent at least because Apple has not acted with the specific intent necessary for indirect infringement.

28. Paragraphs 22-24 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '261 Patent.

29. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the ’261 Patent are infringed.

30. Apple is entitled to a judicial determination that Apple has not directly or indirectly infringed any of the asserted claims of the’261 Patent.

**COUNT V**
**(Declaration of Invalidity of U.S. Patent No. 7,598,580)**

31. Apple repeats and realleges Paragraphs 1 through 30 of its Counterclaims.

32. None of the asserted claims of the ’580 Patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 *et. seq.*, including 102, 103, and/or 112.

33. At least claim 1 of the ’580 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of at least Hanada, alone or in combination with other prior art. For example, Hanada discloses each limitation in claim 1 of the ’580 Patent, including an image sensor module with a supporting element comprising:

(1) a chip having a plurality of light-sensing elements arranged on a light-sensing area of a first surface of the chip, a plurality of first conducting pads electrically connected to the light-sensing elements, and at least one conducting channel passing through the chip and electrically connected to the first conducting pads at one end (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0110], [0180], [0182], [0183], [0184], [0185], [0202]);

(2) the supporting element, which is a flat plate having an opening, a first coupling surface, and a second coupling surface, wherein the opening corresponds to the light-sensing area and the first coupling surface is combined with the first surface (*see*

Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0110], [0180], [0182], [0183], [0184], [0185], [0202]); and

(3) a light-transmitting element combined with the second coupling surface (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0110], [0180], [0182], [0183], [0184], [0185], [0202]).

34. Paragraphs 28-30 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '580 Patent.

35. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '580 Patent are valid.

36. Apple is entitled to a judicial determination that the asserted claims, including at least claim 1 of the '580 Patent, are invalid.

**COUNT VI**
**(Declaration of Noninfringement of U.S. Patent No. 7,598,580)**

37. Apple repeats and realleges Paragraphs 1 through 36 of its Counterclaims.

38. KTI cannot meet its burden to prove that Apple infringes at least claim 1 of the '580 Patent. Apple has not infringed claim 1, either directly or indirectly, literally or under the doctrine of equivalents, at least because, by way of non-limiting example, the Accused Products do not include every limitation required by claim 1 of the '580 Patent.

39. Furthermore, KTI cannot meet its burden to prove that Apple indirectly infringes at least claim 1 of the '580 Patent at least because Apple has not acted with the specific intent necessary for indirect infringement.

40. Paragraphs 28-30 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '580 Patent.

41. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the ’580 Patent are infringed.

42. Apple is entitled to a judicial determination that Apple has not directly or indirectly infringed any of the asserted claims of the’580 Patent.

**COUNT VII**
**(Declaration of Invalidity of U.S. Patent No. 8,004,602)**

43. Apple repeats and realleges Paragraphs 1 through 42 of its Counterclaims.

44. None of the asserted claims of the ’602 Patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 *et. seq.*, including 102, 103, and/or 112.

45. At least claim 1 of the ’602 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of at least Hanada, alone or in combination with other prior art. For example, Hanada discloses each limitation in claim 1 of the ’580 Patent, including an image sensor structure with an integrated lens module comprising:

(1) a chip having a plurality of light-sensing elements arranged on a light-sensing area of a first surface of the chip, a plurality of first conducting pads arranged around the light-sensing area and electrically connected to the light-sensing elements, and at least one conducting channel passing through the chip and electrically connected to the first conducting pads at one end as well as extending along with a second surface of the chip (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]); and

(2) a lens module comprising a holder having a through hole and a contact surface on a bottom of the holder, wherein the contact surface is combined with the first surface,

and at least one lens completely embedded inside the through hole and integrated with the holder (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]).

46. Paragraphs 33-35 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '602 Patent.

47. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '602 Patent are valid.

48. Apple is entitled to a judicial determination that the asserted claims, including at least claim 1 of the '602 Patent, are invalid.

**COUNT VIII**
**(Declaration of Noninfringement of U.S. Patent No. 8,004,602)**

49. Apple repeats and realleges Paragraphs 1 through 48 of its Counterclaims.

50. KTI cannot meet its burden to prove that Apple infringes at least claim 1 of the '602 Patent. Apple has not infringed claim 1, either directly or indirectly, literally or under the doctrine of equivalents, at least because, by way of non-limiting example, the Accused Products do not include every limitation required by claim 1 of the '602 Patent.

51. Furthermore, KTI cannot meet its burden to prove that Apple indirectly infringes at least claim 1 of the '602 Patent at least because Apple has not acted with the specific intent necessary for indirect infringement.

52. Paragraphs 33-35 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '602 Patent.

53. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the ’602 Patent are infringed.

54. Apple is entitled to a judicial determination that Apple has not directly or indirectly infringed any of the asserted claims of the’602 Patent.

**COUNT IX**
**(Declaration of Invalidity of U.S. Patent No. 8,314,481)**

55. Apple repeats and realleges Paragraphs 1 through 54 of its Counterclaims.

56. None of the asserted claims of the ’481 Patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 *et. seq.*, including 102, 103, and/or 112.

57. At least claim 1 of the ’481 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of at least Hanada and U.S. Patent No. 6,740,967 (“Pai”), alone or in combination with other prior art. For example, Hanada, alone and in combination with Pai, discloses each limitation in claim 1 of the ’481 Patent, including a substrate structure for an image sensor package, the substrate structure comprising:

(3) a bottom base having an upper surface formed with a plurality of first electrodes, and a lower surface formed with a plurality of second electrodes, wherein an insulation layer is coated between first electrodes and in direct surface contact with the upper surface of the bottom base (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]; *see also* Pai at 2:20-59, FIGS. 3 and 4, Claim 1); and

(4) a frame layer arranged on and in direct surface contact with the first electrodes and the insulation layer to form a cavity together with the bottom base, wherein the

insulation layer is interposed between the bottom base and the frame layer (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]; *see also* Pai at 2:20-59, FIGS. 3 and 4, Claim 1).

58. Attached as **Exhibit B** is a true and accurate copy of Pai.

59. Paragraphs 39-41 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '481 Patent.

60. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '481 Patent are valid.

61. Apple is entitled to a judicial determination that the asserted claims, including at least claim 1 of the '481 Patent, are invalid.

**COUNT X**
**(Declaration of Noninfringement of U.S. Patent No. 8,314,481)**

62. Apple repeats and realleges Paragraphs 1 through 61 of its Counterclaims.

63. KTI cannot meet its burden to prove that Apple infringes at least claim 1 of the '481 Patent. Apple has not infringed claim 1, either directly or indirectly, literally or under the doctrine of equivalents, at least because, by way of non-limiting example, the Accused Products do not include every limitation required by claim 1 of the '481 Patent.

64. Furthermore, KTI cannot meet its burden to prove that Apple indirectly infringes at least claim 1 of the '481 Patent at least because Apple has not acted with the specific intent necessary for indirect infringement.

65. Paragraphs 39-41 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '481 Patent.

66. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the ’481 Patent are infringed.

67. Apple is entitled to a judicial determination that Apple has not directly or indirectly infringed any of the asserted claims of the’481 Patent.

**COUNT XI**
**(Unenforceability of the ’481 Patent Due to Inequitable Conduct)**

68. Apple restates and incorporates by reference the allegations contained in the preceding paragraphs including the Thirteenth Affirmative Defense, as if fully set forth herein.

69. An actual case or controversy exists between Apple and KTI based on KTI having filed its Complaint against Apple alleging infringement of the ’481 Patent.

70. The ’481 Patent is unenforceable due to inequitable conduct committed by Chung Hsien Hsin (a named inventor), Kingpak Technology, Inc. (“Kingpak”) (the original assignee of the ’481 patent), Mr. Willgohs (prosecuting attorney) and/or other individuals involved in the prosecution of the ’481 Patent by not disclosing at least one material, non-cumulative prior art reference with the intent to deceive the USPTO.

71. Apple, therefore, seeks a declaration that the ’481 Patent is unenforceable due to inequitable conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Apple respectfully requests entry of judgment in its favor and against KTI as follows:

1. Enter a judgment in favor of Apple denying KTI all relief requested in its Complaint and dismissing the Complaint with prejudice;

2. Enter judgment declaring each asserted claim of the Patents-in-Suit are invalid;

3. Enter judgment declaring each asserted claim of the Patents-in-Suit is not directly infringed;

4. Enter judgment declaring each asserted claim of the Patents-in-Suit is not indirectly infringed;

5. Enter judgment declaring the '481 Patent is unenforceable due to inequitable conduct;

6. That the Court deny KTI's request for a permanent injunction;

7. That the Court deny KTI's request for any relief under 35 U.S.C. § 285;

8. That the Court find this to be an exceptional case under 35 U.S.C. § 285, entitling Apple to an award of reasonable attorney's fees;

9. That the Court award Apple its costs associated with this case;

10. For such other and further relief as the Court may deem just, proper and equitable.

**JURY DEMAND**

Apple demands a trial by jury on all claims and issues so triable.

Dated: December 13, 2021

Respectfully submitted,

*/s/ J. Stephen Ravel*

J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on December 13, 2021.

*/s/ J. Stephen Ravel*
J. Stephen Ravel