**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| KT IMAGING USA, LLC,<br><br>Plaintiff<br><br>-against-<br><br>APPLE INC.,<br><br>Defendant | Civil Action No.: 6:21-CV-01002-ADA<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S ANSWER TO DEFENDANT APPLE'S COUNTERCLAIMS**

Plaintiff KT Imaging USA, LLC ("KTI" or "Plaintiff") answers the counterclaims of Defendant Apple Inc. ("Apple" or "Defendant") set forth in Defendant's Answer, Affirmative Defenses and Counterclaims ("Counterclaims") (Dkt. No. 10)[1] as follows:

**[APPLE'S ALLEGATION] THIRTEENTH DEFENSE**

**(UNENFORCEABILITY—INEQUITABLE CONDUCT)**

The '481 Patent is unenforceable due to inequitable conduct for failure to disclose at least U.S. Patent No. 6,740,967 Dennis Pai ("Pai") to the USPTO during prosecution of the application that issued as the '481 Patent.

**ANSWER:** KTI denies the allegations in this paragraph of Apple's Answer.

In particular, upon information and belief, individuals involved in the prosecution of the application that issued as the '481 Patent who owed a duty of candor and good faith in dealing

[1] Apple incorporates by reference the allegations contained in the paragraphs of its Thirteenth Affirmative Defense of its Answer into its Counterclaims, and KTI responds to those paragraphs herein.

with the USPTO knew of Pai and were aware of its materiality, but intentionally did not disclose the reference to the USPTO.

**ANSWER:** KTI denies the allegations in this paragraph of Apple's Answer.

**[APPLE'S ALLEGATION] Background Regarding '481 Patent**

The application that issued as the '481 Patent was filed on May 18, 2005.

**ANSWER:** On information and belief, KTI admits the allegation in this paragraph of Apple's Answer.

The application that issued as the '481 Patent was assigned to Kingpak on May 5, 2005, and the assignment was recorded on June 22, 2005.

**ANSWER:** On information and belief, KTI admits the allegation in this paragraph of Apple's Answer.

The '481 Patent issued on November 20, 2012. Chung Hsien Hsin, Yves Huang, Kevin Chang, and Chief Lin are listed as the named inventors of the '481 Patent.

**ANSWER:** On information and belief, KTI admits the allegation in this paragraph of Apple's Answer.

During prosecution of the'481 Patent, the papers submitted to the USPTO were signed by Ralph Willgohs (a prosecuting agent representing Kingpak), Joe Liu (Kingpak's president), or Juan Carlos A. Marquez (another prosecuting attorney representing Kingpak).

**ANSWER:** On information and belief, KTI admits that the prosecution history of the '481 Patent includes papers with signatures by Ralph Willgohs, Joe Liu, and Juan Carlos A. Marquez. KTI denies any remaining allegations in this paragraph of Apple's Answer.

Upon information and belief, no information disclosure statement was filed during the prosecution of the ’481 Patent.

**ANSWER:** On information and belief, KTI admits the allegation in this paragraph of Apple’s Answer.

**[APPLE’S ALLEGATION] Knowledge of Pai**

Upon information and belief, at least Mr. Willgohs and Mr. Hsin—each of whom owed a duty of candor and good faith in dealing with the USPTO—were aware of Pai during the prosecution of the application that issued as the ’481 Patent.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple’s Answer, and therefore denies them.

Upon information and belief, other individuals at Kingpak or individuals representing Kingpak, who were involved in the prosecution of the application that issued as ’481 Patent and had a duty of candor and good faith in dealing with the USPTO, were also aware of Pai during the prosecution of the application that issued as the ’481 Patent, but did not disclose Pai to the USPTO.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple’s Answer, and therefore denies them.

**[APPLE’S ALLEGATION]** ***Knowledge of Pai Based on Prosecution of the ’939 Publication***

On information and belief, Mr. Willgohs, Mr. Hsin, and Jichen Wu (a manager at Kingpak) were aware of Pai as a result of their involvement with the prosecution of U.S. Patent Appl. No. 10/887,577, which was filed on July 8, 2004, and published as U.S. Patent Appl. Publ. No. 2006/0008939 (“the ’939 Publication”) on January 12, 2006.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

The '939 Publication was assigned to Kingpak on June 28, 2004, and the assignment was recorded on August 31, 2004.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

Mr. Hsin is a named inventor on the '939 Publication.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

On December 15, 2005, during prosecution of the '939 Publication, the examiner issued a nonfinal Office Action in which all claims were rejected as obvious over Pai in view of U.S. Pat. No. 6,002,167. Specifically, in making the rejection, the examiner cited col. 2, lines 20-55 from Pai.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

A response to the December 15, 2005, Office Action was filed on February 16, 2006. The response was filed with the USPTO by Mr. Willgohs. The response itself—which among other things substantively discussed the disclosure of Pai—was signed by Mr. Wu.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

On March 16, 2006, the USPTO issued a Notice stating that the response filed on

February 16, 2006, was noncompliant because it "was not signed or not signed in accordance with 37 C.F.R. 1.4."

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

The response to the December 15, 2005, Office Action was again filed on April 20, 2006. Mr. Willgohs also filed this response with the USPTO. This response, which was substantively identical to the one filed on February 16, 2006, was signed by Mr. Hsin and all the other named inventors of the '939 Publication on March 29, 2006.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

On information and belief, at least Mr. Willgohs and Mr. Wu were aware of Pai by no later than February 16, 2006.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

On information and belief, at least Mr. Hsin was aware of Pai by no later than April 20, 2006.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

**[APPLE'S ALLEGATION]** ***Knowledge of Pai Based on Prosecution of '794 Application***

U.S. Patent Appl. No. 11/378,794 ("the '794 Application") was filed on March 16, 2006.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

The ’794 Application was assigned to Kingpak on March 2, 2006, and the assignment was recorded on April 18, 2006.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple’s Answer, and therefore denies them.

Mr. Hsin is the only named inventor of the ’794 Application.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple’s Answer, and therefore denies them.

On October 11, 2007, during prosecution of the ’794 Application, the examiner issued a nonfinal Office Action in which all claims were rejected as anticipated by Pai. Specifically, in making the rejection, the examiner cited Figure 1 and col.2, lines 20-55 of Pai.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple’s Answer, and therefore denies them.

A response to the Office Action, signed by Mr. Willgohs, was filed on February 4, 2008. The response included a detailed discussion of the teachings of Pai.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple’s Answer, and therefore denies them.

On information and belief, Mr. Willgohs was aware of Pai by no later than February 4, 2008.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple’s Answer, and therefore denies them.

**[APPLE'S ALLEGATION] Pai Was Material to the Patentability of the '481 Patent and Not Cumulative to Other Information Before the USPTO**

Pai issued on May 25, 2004, from an application filed on March 10, 2003. Pai is prior art to the '481 Patent at least under 35 U.S.C. § 102(a).

**ANSWER:** On information and belief, KTI admits that U.S. Patent No. 6,740,967 ("Pai") issued on May 25, 2004, from an application filed on March 10, 2003. KTI denies the remaining allegations in this Paragraph of Apple's Answer.

Pai is directed to

> an image sensor including a substrate, a coating layer, a frame layer, a photosensitive chip, multiple wires, and a transparent layer. The substrate has an upper surface formed with first terminals projecting over the upper surface, and a lower surface formed with second terminals. The coating layer is applied to the upper surface to fill between any two adjacent first terminals and to flatten the first terminals. The frame layer is adhered to the coating layer so as to form a cavity together with the substrate. The photosensitive chip has bonding pads and is mounted to the upper surface and within the cavity. The wires electrically connect the bonding pads to the first terminals, respectively. The transparent layer is arranged on the frame layer to cover the photosensitive chip so that the photosensitive chip may receive optical signals passing through the transparent layer.

Pai at 1:54-2:4.

**ANSWER:** KTI admits the above paragraph contains a paragraph from Pai. KTI denies the remaining allegations in this Paragraph of Apple's Answer.

Pai's disclosure anticipates or makes obvious at least claim 1 of the '481 Patent, and was thus material to the patentability of at least this claim. For example, Pai discloses each limitation in claim 1 of the '481 Patent, including a substrate structure for an image sensor package, the substrate structure comprising:

(1) a bottom base having an upper surface formed with a plurality of first electrodes, and a lower surface formed with a plurality of second electrodes, wherein an insulation layer is coated between first electrodes and in direct surface contact with the upper surface of the bottom base (*see* Pai at 1:54-2:4, 2:20-59, FIGS. 1, 3 and 4, Claim 1); and

(2) a frame layer arranged on and in direct surface contact with the first electrodes and the insulation layer to form a cavity together with the bottom base, wherein the insulation layer is interposed between the bottom base and the frame layer (*see* Pai at 1:54-2:4, 2:20-59, FIGS. 1, 3 and 4, Claim 1).

**ANSWER:** KTI denies the allegations in this Paragraph of Apple's Answer.

Pai is not cumulative of any other reference before the examiner during the prosecution of the '481 Patent. For example, in the Notice of Allowance for the application that issued as the '481 patent, the examiner states that the prior art of record does not teach or suggest

> [a] substrate structure for an image sensor package comprising: a bottom base having an upper surface formed with a plurality of first electrodes, wherein an insulation layer is coated between first electrodes and in direct surface contact with the upper surface of the bottom base; a frame layer arranged on and in direct surface contact with the first electrodes and the insulation layer to form a cavity together with the bottom base, wherein the insulation layer is interposed between the bottom base and the frame layer.

**ANSWER:** KTI denies that Pai is not cumulative of any other reference before the examiner during the prosecution of the '481 Patent. KTI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph of Apple's Answer, and therefore denies them.

Pai is material to the patentability of the claims in the '481 Patent because, at a minimum,

it discloses the features that the examiner believed to be missing from the prior art, as reflected in the Notice of Allowance.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them. KTI further denies that Pai is material to the patentability of the claims in the '481 Patent.

On information and belief, the examiner would have rejected at least claim 1 of the '481 Patent, had the examiner been made aware of Pai by Mr. Willgohs, Mr. Hsin, and/or other individuals involved in the prosecution of '481 Patent with a duty of candor and good faith in dealing with the USPTO.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

**[APPLE'S ALLEGATION] Individuals Involved in the Prosecution of the '481 Patent Knew Pai Was Material to the Patentability of the '481 Patent and Not Cumulative to Other Information Before the USPTO**

On information and belief, Mr. Willgohs and Mr. Hsin were intimately familiar with Pai's teachings.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

For example, during the prosecution of the '939 Publication, Mr. Hsin (as well as Mr. Wu) signed and Mr. Willgohs filed a response to the USPTO that contained the following substantive admissions regarding Pai:

> Pai 'is an image sensor, comprising: a substrate 40 having an upper surface 52 on which first electrodes are formed, and a lower surface 54 on which second electrodes are formed. The first terminals 56 are corresponding to electrically connect to the second electrodes, The

> frame layer 44 arranged on the upper surface 52 of the substrate 40 to form a cavity together with the substrate; a photosensitive chip 46 arrange within the cavity 62 and mounted on the upper surface of the substrate; a plurality of wires 48 electrically connected the bonding pads 64 of the photosensitive chip 46 to the first terminals 56 of the substrate 40; and a transparent layer 50 covered over the frame layer 44 to cover the photosensitive chip 46; wherein a green paint 42 is coated between the each first electrode of the substrate.'

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

On information and belief, at least based on their substantive understanding of Pai as reflected in the response filed in the '939 Publication, Mr. Willgohs and Mr. Hsin, and/or other individuals involved in the prosecution of the'481 Patent with a duty of candor and good faith in dealing with the USPTO knew that Pai's disclosure anticipated or rendered obvious at least claim 1 of the '481 Patent.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them. KTI further denies that Pai renders claims of the '481 Patent anticipated or obvious.

On information and belief, Mr. Willgohs was intimately familiar with Pai's teachings. For example, during the prosecution of the '794 Application, Mr. Willgohs signed a response to the USPTO that included a detailed discussion of the teachings of Pai, including the disclosure in Figures 3 and 4 of Pai.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

On information and belief, at least based on his substantive understanding of Pai as reflected in the response filed in the '794 Application, Mr. Willgohs, and/or other individuals

involved in the prosecution of the'481 Patent with a duty of candor and good faith in dealing with the USPTO knew that Pai's disclosure's anticipated or rendered obvious at least claim 1 of the '481 Patent.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them. KTI further denies that Pai renders claims of the '481 Patent anticipated or obvious.

**[APPLE'S ALLEGATION] Intent to Deceive**

On information and belief, despite having been aware of Pai and being intimately familiar with its disclosure, Mr. Willgohs, Mr. Hsin, and/or other individuals involved in the prosecution of the'481 Patent with a duty of candor and good faith in dealing with the USPTO did not submit, or cause to be submitted, Pai to the USPTO in connection with the prosecution of the '481 Patent.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

On information belief, Mr. Willgohs, Mr. Hsin, and/or other individuals involved in the prosecution of the'481 Patent with a duty of candor and good faith in dealing with the USPTO knew that Pai was material to the examination of the application that issued as the '481 Patent and withheld it from the examiner and the USPTO with an intent to deceive the USPTO into allowing the'481 Patent.

**ANSWER:** KTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Apple's Answer, and therefore denies them.

On information and belief, given their intimate familiarity with the disclosure of Pai, its

relevance to the claims of the ’481 Patent, and their involvement in the prosecution of the ’481 Patent, the single most reasonable inference to draw from the failure to disclose Pai to the USPTO during the prosecution of the ’481 Patent is that Mr. Willgohs, Mr. Hsin, and/or other individuals involved in the prosecution of the ’481 Patent with a duty of candor and good faith in dealing with the USPTO intended to deceive the USPTO by withholding material prior art that would have led the examiner to reject at least claim 1 of the ’481 Patent as unpatentable.

**ANSWER:** KTI denies the allegations contained in this paragraph of Apple’s Answer.

Mr. Willgohs, Mr. Hsin, and/or other individuals involved in the prosecution of the’481 Patent with a duty of candor and good faith in dealing with the USPTO committed inequitable conduct by withholding a material, non-cumulative reference from the examiner of the application that issued as the ’481 Patent with the intent to deceive the examiner that the claims were patentable.

**ANSWER:** KTI denies that inequitable conduct was committed during prosecution of the ’481 Patent. KTI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph of Apple’s Answer, and therefore denies them.

Because of the inequitable conduct committed by Mr. Willgohs, Mr. Hsin, and and/or other individuals involved in the prosecution of the’481 Patent with a duty of candor and good faith in dealing with the USPTO, the ’481 Patent is not enforceable, and KTI may not obtain any relief regarding it.

**ANSWER:** KTI denies the allegations in this paragraph of Apple’s Answer.

## APPLE'S COUNTERCLAIMS

## THE PARTIES

1. Apple is a California Corporation having its principal place of business in Cupertino, California.

**ANSWER:** Upon information and belief, KTI admits the allegations of Paragraph 1 of Apple's Counterclaims.

2. On information and belief, KTI is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business at 106 E. 6th St., Suite 900, Austin, Texas 78701.

**ANSWER:** KTI admits the allegations of Paragraph 2 of Apple's Counterclaims.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and the patent laws of the United States, 35 U.S.C. §§ 101 *et. seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** KTI admits that this Court has subject matter jurisdiction. KTI denies any remaining allegations of Paragraph 3 of Apple's Counterclaims.

4. KTI has consented to this Court's personal jurisdiction by commencing this action for patent infringement against Apple in this Court.

**ANSWER:** KTI admits that this Court has personal jurisdiction over KTI for the purpose of this action. KTI denies any remaining allegations of Paragraph 4 of Apple's Counterclaims.

5. To the extent the action initiated by KTI is adjudicated in this judicial district, venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) and (c). However, venue in

this judicial district is not convenient or in the interests of justice under 28 U.S.C. § 1404(a).

**ANSWER:** KTI admits that venue is proper in this District for the purpose of this action. KTI denies any remaining allegations of Paragraph 5 of Apple's Counterclaims.

**COUNT I**
**(Declaration of Invalidity of U.S. Patent No. 7,196,322)**

6. Apple repeats and realleges Paragraphs 1 through 5 of its Counterclaims.

**ANSWER:** KTI repeats and realleges its responses to Paragraphs 1 through 5 of Apple's Counterclaims, as if fully set forth herein.

7. None of the asserted claims of the '322 Patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 *et. seq.*, including 102, 103, and/or 112.

**ANSWER:** KTI denies the allegations of Paragraph 7 of Apple's Counterclaims.

8. At least claim 1 of the '322 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of at least U.S. Publication No. 2005/0116138A1 to Hanada et al. ("Hanada"), alone or in combination with other prior art. For example, Hanada discloses each limitation in claim 1 of the '322 Patent, including an image sensor module with:

(1) a substrate having an upper surface, and a lower surface on which second electrodes are formed (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(2) a frame layer arranged on the upper surface of the substrate, a cavity formed between the frame layer and substrate, and a plurality of first electrodes are formed on the frame layer (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(3) a photosensitive chip mounted on the upper surface of the substrate and located within the cavity, and electrically connected to the first electrodes of the frame later (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(4) a lens holder having an upper end face, a lower end face, and an opening penetrating through the lens holder from the upper end face to the lower end face, the upper end of the opening formed with an internal thread and the lower end of the opening formed with a breach, so that (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(5) the internal diameter of the upper end of the opening is smaller than the lower end of the opening, the lens holder adhered on the upper surface of the substrate by glue, wherein, the frame layer is located within the breach of the lens holder (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]); and

(6) a lens barrel having an upper end face, a lower end face, and an external thread screwed to the internal thread of the lens holder (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]).

**ANSWER:** KTI denies the allegations of Paragraph 8 of Apple's Counterclaims.

9. Attached as **Exhibit A** is a true and accurate copy of Hanada.

**ANSWER:** Upon information and belief, KTI admits the allegations of Paragraph 9 of Apple's Counterclaims.

10. Paragraphs 17-19 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '322 Patent.

**ANSWER:** KTI admits the allegations of Paragraph 10 of Apple's Counterclaims.

11. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the ’322 Patent are valid.

**ANSWER:** KTI admits a substantial controversy exists between Apple and KTI regarding validity of the ’322 Patent. KTI denies any remaining allegations of paragraph 11 of Apple’s Counterclaims.

12. Apple is entitled to a judicial determination that the asserted claims, including at least claim 1 of the ’322 Patent, are invalid.

**ANSWER:** KTI denies the allegations of paragraph 12 of Apple’s Counterclaims.

**COUNT II**
**(Declaration of Noninfringement of U.S. Patent No. 7,196,322)**

13. Apple repeats and realleges Paragraphs 1 through 12 of its Counterclaims.

**ANSWER:** KTI repeats and realleges its responses to Paragraphs 1 through 12 of Apple’s Counterclaims, as if fully set forth herein.

14. KTI cannot meet its burden to prove that Apple infringes at least claim 1 of the ’322 Patent. Apple has not infringed claim 1, either directly or indirectly, literally or under the doctrine of equivalents, at least because, by way of non-limiting example, the Accused Products do not include every limitation required by claim 1 of the ’322 Patent.

**ANSWER:** KTI denies the allegations of paragraph 14 of Apple’s Counterclaims.

15. Furthermore, KTI cannot meet its burden to prove that Apple indirectly infringes at least claim 1 of the ’322 Patent at least because Apple has not acted with the specific intent necessary for indirect infringement.

**ANSWER:** KTI denies the allegations of paragraph 15 of Apple’s Counterclaims.

16. Paragraphs 17-19 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '322 Patent.

**ANSWER:** KTI admits the allegations of Paragraph 16 of Apple's Counterclaims.

17. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '322 Patent are infringed.

**ANSWER:** KTI admits a substantial controversy exists between Apple and KTI regarding Apple's infringement of the '322 Patent. KTI denies any remaining allegations of paragraph 17 of Apple's Counterclaims.

18. Apple is entitled to a judicial determination that Apple has not directly or indirectly infringed any of the asserted claims of the'322 Patent.

**ANSWER:** KTI denies the allegations of paragraph 18 of Apple's Counterclaims.

**COUNT III**
**(Declaration of Invalidity of U.S. Patent No. 7,511,261)**

19. Apple repeats and realleges Paragraphs 1 through 18 of its Counterclaims.

**ANSWER:** KTI repeats and realleges its responses to Paragraphs 1 through 18 of Apple's Counterclaims, as if fully set forth herein.

20. None of the asserted claims of the '261 Patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 *et. seq.*, including 102, 103, and/or 112.

**ANSWER:** KTI denies the allegations of paragraph 20 of Apple's Counterclaims.

21. At least claim 1 of the '261 Patent is invalid as anticipated and/or obvious under 35

U.S.C. §§ 102 and 103 in view of at least Hanada, alone or in combination with other prior art. For example, Hanada discloses each limitation in claim 1 of the ’261 Patent, including an image sensor module with:

(1) a substrate having a horizontal upper surface on which first electrodes are formed, and a lower surface on which second electrodes are formed, wherein the first electrodes are correspondingly and electrically connected to the second electrodes (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(2) a photosensitive chip mounted on the upper surface of the substrate, and electrically connected to the first electrodes of the substrate by wires (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(3) a lens holder having an upper end face, a lower end face, and an opening penetrating through the lens holder from the upper end face to the lower end face, wherein an upper end portion of the opening is formed with an internal thread and a lower end portion of the opening is formed with a breach so that an internal diameter of the upper end portion of the opening is smaller than an internal diameter of the lower end portion of the opening (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(4) the lens holder is adhered to the upper surface of the substrate by glue, the photosensitive chip is located within the opening of the lens holder, the glue is filled within the breach of the lens holder and coated over the wires (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(5) the lens holder has a vertical inner sidewall and a vertical outer sidewall, the vertical inner sidewall is connected to the breach at a portion, which is located at a level higher than a level of the photosensitive chip (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]);

(6) a portion of each of the wires is located under the breach, and an outer diameter of the lens holder corresponding to the internal diameter of the upper end portion of the opening is substantially equal to an outer diameter of the lens holder corresponding to the internal diameter of the lower end portion of the opening (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]); and

(7) a lens barrel having an upper end face, a lower end face, and an external thread screwed to the internal thread of the lens holder (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]).

**ANSWER:** KTI denies the allegations of paragraph 21 of Apple's Counterclaims.

22. Paragraphs 22-24 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '261 Patent.

**ANSWER:** KTI admits the allegations of Paragraph 22 of Apple's Counterclaims.

23. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '261 Patent are valid.

**ANSWER:** KTI admits a substantial controversy exists between Apple and KTI regarding validity of the '261 Patent. KTI denies any remaining allegations of paragraph 23 of Apple's Counterclaims.

24. Apple is entitled to a judicial determination that the asserted claims, including at least

claim 1 of the ’261 Patent, are invalid.

**ANSWER:** KTI denies the allegations of paragraph 24 of Apple’s Counterclaims.

**COUNT IV**
**(Declaration of Noninfringement of U.S. Patent No. 7,511,261)**

25. Apple repeats and realleges Paragraphs 1 through 24 of its Counterclaims.

**ANSWER:** KTI repeats and realleges its responses to Paragraphs 1 through 24 of Apple’s Counterclaims, as if fully set forth herein.

26. KTI cannot meet its burden to prove that Apple infringes at least claim 1 of the ’261 Patent. Apple has not infringed claim 1, either directly or indirectly, literally or under the doctrine of equivalents, at least because, by way of non-limiting example, the Accused Products do not include every limitation required by claim 1 of the ’261 Patent.

**ANSWER:** KTI denies the allegations of paragraph 26 of Apple’s Counterclaims.

27. Furthermore, KTI cannot meet its burden to prove that Apple indirectly infringes at least claim 1 of the ’261 Patent at least because Apple has not acted with the specific intent necessary for indirect infringement.

**ANSWER:** KTI denies the allegations of paragraph 27 of Apple’s Counterclaims.

28. Paragraphs 22-24 of KTI’s Complaint allege that Apple has infringed at least claim 1 of the ’261 Patent.

**ANSWER:** KTI admits the allegations of Paragraph 28 of Apple’s Counterclaims.

29. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the ’261 Patent are infringed.

**ANSWER:** KTI admits a substantial controversy exists between Apple and KTI regarding Apple's infringement of the '261 Patent. KTI denies any remaining allegations of paragraph 29 of Apple's Counterclaims.

30. Apple is entitled to a judicial determination that Apple has not directly or indirectly infringed any of the asserted claims of the'261 Patent.

**ANSWER:** KTI denies the allegations of paragraph 30 of Apple's Counterclaims.

**COUNT V**
**(Declaration of Invalidity of U.S. Patent No. 7,598,580)**

31. Apple repeats and realleges Paragraphs 1 through 30 of its Counterclaims.

**ANSWER:** KTI repeats and realleges its responses to Paragraphs 1 through 30 of Apple's Counterclaims, as if fully set forth herein.

32. None of the asserted claims of the '580 Patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 *et. seq.*, including 102, 103, and/or 112.

**ANSWER:** KTI denies the allegations of paragraph 32 of Apple's Counterclaims.

33. At least claim 1 of the '580 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of at least Hanada, alone or in combination with other prior art. For example, Hanada discloses each limitation in claim 1 of the '580 Patent, including an image sensor module with a supporting element comprising:

(1) a chip having a plurality of light-sensing elements arranged on a light-sensing area of a first surface of the chip, a plurality of first conducting pads electrically connected to the light-sensing elements, and at least one conducting channel passing through the chip and

electrically connected to the first conducting pads at one end (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0110], [0180], [0182], [0183], [0184], [0185], [0202]);

(2) the supporting element, which is a flat plate having an opening, a first coupling surface, and a second coupling surface, wherein the opening corresponds to the light-sensing area and the first coupling surface is combined with the first surface (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0110], [0180], [0182], [0183], [0184], [0185], [0202]); and

(3) a light-transmitting element combined with the second coupling surface (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0110], [0180], [0182], [0183], [0184], [0185], [0202]).

**ANSWER:** KTI denies the allegations of paragraph 33 of Apple's Counterclaims.

34. Paragraphs 28-30 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '580 Patent.

**ANSWER:** KTI admits the allegations of Paragraph 34 of Apple's Counterclaims.

35. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '580 Patent are valid.

**ANSWER:** KTI admits a substantial controversy exists between Apple and KTI regarding validity of the '580 Patent. KTI denies any remaining allegations of paragraph 35 of Apple's Counterclaims.

36. Apple is entitled to a judicial determination that the asserted claims, including at least claim 1 of the '580 Patent, are invalid.

**ANSWER:** KTI denies the allegations of paragraph 36 of Apple's Counterclaims.

**COUNT VI**
**(Declaration of Noninfringement of U.S. Patent No. 7,598,580)**

37. Apple repeats and realleges Paragraphs 1 through 36 of its Counterclaims.

**ANSWER:** KTI repeats and realleges its responses to Paragraphs 1 through 36 of Apple's Counterclaims, as if fully set forth herein.

38. KTI cannot meet its burden to prove that Apple infringes at least claim 1 of the '580 Patent. Apple has not infringed claim 1, either directly or indirectly, literally or under the doctrine of equivalents, at least because, by way of non-limiting example, the Accused Products do not include every limitation required by claim 1 of the '580 Patent.

**ANSWER:** KTI denies the allegations of paragraph 38 of Apple's Counterclaims.

39. Furthermore, KTI cannot meet its burden to prove that Apple indirectly infringes at least claim 1 of the '580 Patent at least because Apple has not acted with the specific intent necessary for indirect infringement.

**ANSWER:** KTI denies the allegations of paragraph 39 of Apple's Counterclaims.

40. Paragraphs 28-30 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '580 Patent.

**ANSWER:** KTI admits the allegations of Paragraph 40 of Apple's Counterclaims.

41. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '580 Patent are infringed.

**ANSWER:** KTI admits a substantial controversy exists between Apple and KTI regarding Apple's infringement of the '580 Patent. KTI denies any remaining allegations of paragraph 41 of Apple's Counterclaims.

42. Apple is entitled to a judicial determination that Apple has not directly or indirectly infringed any of the asserted claims of the'580 Patent.

**ANSWER:** KTI denies the allegations of paragraph 42 of Apple's Counterclaims.

**COUNT VII**
**(Declaration of Invalidity of U.S. Patent No. 8,004,602)**

43. Apple repeats and realleges Paragraphs 1 through 42 of its Counterclaims.

**ANSWER:** KTI repeats and realleges its responses to Paragraphs 1 through 42 of Apple's Counterclaims, as if fully set forth herein.

44. None of the asserted claims of the '602 Patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 *et. seq.*, including 102, 103, and/or 112.

**ANSWER:** KTI denies the allegations of paragraph 44 of Apple's Counterclaims.

45. At least claim 1 of the '602 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of at least Hanada, alone or in combination with other prior art. For example, Hanada discloses each limitation in claim 1 of the '580 Patent, including an image sensor structure with an integrated lens module comprising:

(1) a chip having a plurality of light-sensing elements arranged on a light-sensing area of a first surface of the chip, a plurality of first conducting pads arranged around the light-sensing area and electrically connected to the light-sensing elements, and at least one

conducting channel passing through the chip and electrically connected to the first conducting pads at one end as well as extending along with a second surface of the chip (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]); and

(2) a lens module comprising a holder having a through hole and a contact surface on a bottom of the holder, wherein the contact surface is combined with the first surface, and at least one lens completely embedded inside the through hole and integrated with the holder (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]).

**ANSWER:** KTI denies the allegations of paragraph 45 of Apple's Counterclaims.

46. Paragraphs 33-35 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '602 Patent.

**ANSWER:** KTI admits the allegations of Paragraph 46 of Apple's Counterclaims.

47. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '602 Patent are valid.

**ANSWER:** KTI admits a substantial controversy exists between Apple and KTI regarding validity of the '602 Patent. KTI denies any remaining allegations of paragraph 47 of Apple's Counterclaims.

48. Apple is entitled to a judicial determination that the asserted claims, including at least claim 1 of the '602 Patent, are invalid.

**ANSWER:** KTI denies the allegations of paragraph 48 of Apple's Counterclaims.

**COUNT VIII**
**(Declaration of Noninfringement of U.S. Patent No. 8,004,602)**

49. Apple repeats and realleges Paragraphs 1 through 48 of its Counterclaims.

**ANSWER:** KTI repeats and realleges its responses to Paragraphs 1 through 48 of Apple's Counterclaims, as if fully set forth herein.

50. KTI cannot meet its burden to prove that Apple infringes at least claim 1 of the '602 Patent. Apple has not infringed claim 1, either directly or indirectly, literally or under the doctrine of equivalents, at least because, by way of non-limiting example, the Accused Products do not include every limitation required by claim 1 of the '602 Patent.

**ANSWER:** KTI denies the allegations of paragraph 50 of Apple's Counterclaims.

51. Furthermore, KTI cannot meet its burden to prove that Apple indirectly infringes at least claim 1 of the '602 Patent at least because Apple has not acted with the specific intent necessary for indirect infringement.

**ANSWER:** KTI denies the allegations of paragraph 51 of Apple's Counterclaims.

52. Paragraphs 33-35 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '602 Patent.

**ANSWER:** KTI admits the allegations of Paragraph 52 of Apple's Counterclaims.

53. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '602 Patent are infringed.

**ANSWER:** KTI admits a substantial controversy exists between Apple and KTI regarding Apple's infringement of the '602 Patent. KTI denies any remaining allegations of paragraph 53 of Apple's Counterclaims.

54. Apple is entitled to a judicial determination that Apple has not directly or indirectly infringed any of the asserted claims of the'602 Patent.

**ANSWER:** KTI denies the allegations of paragraph 54 of Apple's Counterclaims.

**COUNT IX**
**(Declaration of Invalidity of U.S. Patent No. 8,314,481)**

55. Apple repeats and realleges Paragraphs 1 through 54 of its Counterclaims.

**ANSWER:** KTI repeats and realleges its responses to Paragraphs 1 through 54 of Apple's Counterclaims, as if fully set forth herein.

56. None of the asserted claims of the '481 Patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. § 101 *et. seq.*, including 102, 103, and/or 112.

**ANSWER:** KTI denies the allegations of paragraph 56 of Apple's Counterclaims.

57. At least claim 1 of the '481 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of at least Hanada and U.S. Patent No. 6,740,967 ("Pai"), alone or in combination with other prior art. For example, Hanada, alone and in combination with Pai, discloses each limitation in claim 1 of the '481 Patent, including a substrate structure for an image sensor package, the substrate structure comprising:

(3) a bottom base having an upper surface formed with a plurality of first electrodes, and a lower surface formed with a plurality of second electrodes, wherein an insulation layer

is coated between first electrodes and in direct surface contact with the upper surface of the bottom base (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]; *see also* Pai at 2:20-59, FIGS. 3 and 4, Claim 1); and (4) a frame layer arranged on and in direct surface contact with the first electrodes and the insulation layer to form a cavity together with the bottom base, wherein the insulation layer is interposed between the bottom base and the frame layer (*see* Hanada Figs. 1, 53; paras [0103], [0104], [0109], [0180], [0182], [0183], [0184], [0185], [0202]; see also Pai at 2:20-59, FIGS. 3 and 4, Claim 1).

**ANSWER:** KTI denies the allegations of paragraph 57 of Apple's Counterclaims.

58. Attached as **Exhibit B** is a true and accurate copy of Pai.

**ANSWER:** Upon information and belief, KTI admits the allegations of Paragraph 58 of Apple's Counterclaims.

59. Paragraphs 39-41 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '481 Patent.

**ANSWER:** KTI admits the allegations of Paragraph 59 of Apple's Counterclaims.

60. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '481 Patent are valid.

**ANSWER:** KTI admits a substantial controversy exists between Apple and KTI regarding validity of the '481 Patent. KTI denies any remaining allegations of paragraph 60 of Apple's Counterclaims.

61. Apple is entitled to a judicial determination that the asserted claims, including at least claim 1 of the '481 Patent, are invalid.

**ANSWER:** KTI denies the allegations of paragraph 61 of Apple's Counterclaims.

**COUNT X**
**(Declaration of Noninfringement of U.S. Patent No. 8,314,481)**

62. Apple repeats and realleges Paragraphs 1 through 61 of its Counterclaims.

**ANSWER:** KTI repeats and realleges its responses to Paragraphs 1 through 61 of Apple's Counterclaims, as if fully set forth herein.

63. KTI cannot meet its burden to prove that Apple infringes at least claim 1 of the '481 Patent. Apple has not infringed claim 1, either directly or indirectly, literally or under the doctrine of equivalents, at least because, by way of non-limiting example, the Accused Products do not include every limitation required by claim 1 of the '481 Patent.

**ANSWER:** KTI denies the allegations of paragraph 63 of Apple's Counterclaims.

64. Furthermore, KTI cannot meet its burden to prove that Apple indirectly infringes at least claim 1 of the '481 Patent at least because Apple has not acted with the specific intent necessary for indirect infringement.

**ANSWER:** KTI denies the allegations of paragraph 64 of Apple's Counterclaims.

65. Paragraphs 39-41 of KTI's Complaint allege that Apple has infringed at least claim 1 of the '481 Patent.

**ANSWER:** KTI admits the allegations of Paragraph 65 of Apple's Counterclaims.

66. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '481 Patent are infringed.

**ANSWER:** KTI admits a substantial controversy exists between Apple and KTI regarding Apple's infringement of the '481 Patent. KTI denies any remaining allegations of paragraph 66 of Apple's Counterclaims.

67. Apple is entitled to a judicial determination that Apple has not directly or indirectly infringed any of the asserted claims of the'481 Patent.

**ANSWER:** KTI denies the allegations of paragraph 67 of Apple's Counterclaims.

**COUNT XI**
**(Unenforceability of the '481 Patent Due to Inequitable Conduct)**

68. Apple restates and incorporates by reference the allegations contained in the preceding paragraphs including the Thirteenth Affirmative Defense, as if fully set forth herein.

**ANSWER:** KTI repeats and incorporates by reference its responses to the allegations contained in the preceding paragraphs of Apple's Thirteenth Affirmative Defense, as if fully set forth herein.

69. An actual case or controversy exists between Apple and KTI based on KTI having filed its Complaint against Apple alleging infringement of the '481 Patent.

**ANSWER:** KTI admits a controversy exists between Apple and KTI regarding Apple's infringement of the '481 Patent. KTI denies any remaining allegations of paragraph 69 of Apple's Counterclaims.

70. The '481 Patent is unenforceable due to inequitable conduct committed by Chung Hsien Hsin (a named inventor), Kingpak Technology, Inc. ("Kingpak") (the original assignee of the '481 patent), Mr. Willgohs (prosecuting attorney) and/or other individuals involved in the prosecution of the '481 Patent by not disclosing at least one material, non-cumulative prior art

reference with the intent to deceive the USPTO.

**ANSWER:** KTI denies the allegations of paragraph 70 of Apple's Counterclaims.

71. Apple, therefore, seeks a declaration that the '481 Patent is unenforceable due to inequitable conduct.

**ANSWER:** KTI denies that Apple is entitled to a declaration that the '481 Patent is unenforceable due to inequitable conduct.

## RESPONSE TO PRAYER FOR RELIEF

KTI denies that Apple is entitled to any of the requested relief and denies any and all allegations contained within the Prayer for Relief of the Counterclaims. KTI requests a judgment in its favor denying Apple all relief requested in its Counterclaims and dismissing all Counterclaims with prejudice.

KTI denies all remaining allegations not specifically admitted herein.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated: January 3, 2022

Respectfully submitted,

*/s/ Dmitry Kheyfits*

Dmitry Kheyfits
dkheyfits@kblit.com
Brandon G. Moore
bmoore@kblit.com
KHEYFITS BELENKY LLP
108 Wild Basin Road, Suite 250
Austin, TX 78746

Tel: 737-228-1838
Fax: 737-228-1843

Andrey Belenky
abelenky@kblit.com
Hanna G. Cohen
hgcohen@kblit.com
KHEYFITS BELENKY LLP
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-203-5399
Fax: 212-203-6445

Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
State Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM, PC
815 South Broadway Avenue
Tyler, Texas 75701
Tel: 903-593-7000
Fax: 903-705-7369

*Attorneys for Plaintiff*
*KT Imaging, USA, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on January 3, 2022, with a copy of this document via the Court's CM/ECF system.

*/s/ Dmitry Kheyfits*
Dmitry Kheyfits